IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE LYNN THOMPSON, | § | |
|     Movant, | § | |
| | § | No. 3:18-cv-2840-K (BT) |
| | § | No. 3:14-cr-0340-K (BT) (07) |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Terrence Lynn Thompson filed this motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. For the following reasons, the Court GRANTS Thompson's motion.

I.

Thompson pleaded guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One), and using, carrying, or brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two). On February 10, 2018, the Court sentenced him to 66 months' imprisonment on Count One, and 84 months' imprisonment on Count Two, to run consecutively.

Thomas filed this § 2255 motion arguing his § 924(c) conviction under Count Two is unlawful under the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis,* the Supreme Court found the residual clause of the "crime

1

of violence" definition contained in 18 U.S.C. § 924(c)(3)(B), which was used in this case, unconstitutionally void for vagueness. The holding in *Davis* applies retroactively to cases on collateral review. *See United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019). Thompson argues his § 924(c) conviction is therefore invalid because conspiracy to commit Hobbs Act robbery is no longer a crime of violence under that Section. The government concedes Thompson's § 924(c) conviction is "problematic," stating:

> After *Davis*, Thompson's Section 924(c) conviction—which is predicated on his conviction for conspiracy to commit Hobbs Act robbery—is problematic because a conspiracy to commit Hobbs Act robbery does not satisfy Section 924(c)(3)(A), and Section 924(c)(3)(B) can no longer support it. *See United States v. Reece*, ___ F.3d ___, ___, 2019 WL 4252238, at * (5th Cir. 2019) (holding *Davis* retroactive); *United States v. Lewis*, 907 F.3d 891, 894-95 (5th Cir. 2018) (holding that conspiracy to commit Hobbs Act robbery does not satisfy Section 924(c)(3)(A)'s force clause).

Nonetheless, the government argues Thompson waived the right to challenge his § 924(c) conviction due to the waiver of post-conviction relief in his plea agreement. In his reply, Thompson states that enforcing the waiver would violate his fundamental due process rights and would result in a miscarriage of justice because he is actually innocent of the § 924(c) offense in Count Two. In the alternative, he argues the waiver cannot be enforced because his sentence exceeds the statutory maximum punishment.

II.

1.   <u>Thompson's post-conviction waiver is not enforceable under the miscarriage of justice exception.</u>

A collateral review waiver is generally enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)). The Fifth Circuit has recognized exceptions to this general enforcement rule where a movant raises a claim of ineffective assistance of counsel and where a sentence exceeds the statutory maximum. *United States v. Barnes*, __ F.3d __, 2020 WL 1332927 *4 (5th Cir. Mar. 23, 2020).

Here, Thompson asks the Court to recognize a miscarriage of justice exception to enforcement of the waiver. He argues enforcing the waiver would violate his fundamental due process rights and would result in a miscarriage of justice. He states:

> Given the retroactivity of the holding in *Davis*, the government was without the power to prosecute and the court without the power to convict or impose sentence on the unconstitutionally vague § 924(c) residual clause as it did in this case. A conspiracy is not a crime of violence for § 924(c) purposes, thus Thompson was convicted of conduct that the law does not in fact make criminal.

(ECF No. 27 at 2.)

Although the Fifth Circuit has declined to explicitly adopt or reject a miscarriage of justice exception to enforcement of a post-conviction waiver, *Barnes*, 2020 WL 1332927 at *5 (citing *United States v. Ford*, 688 F. App'x 309, 309 (5th Cir. 2017) (per curiam), the Court finds a miscarriage of justice exception is appropriate in this case.

As the Supreme Court has recognized, a conviction and punishment for an act that the law does not criminalize, "inherently results in a complete miscarriage of justice" and "presents exceptional circumstances that justify collateral relief under § 2255." *Davis v. United States*, 417 U.S. 333, 346- 47 (1974). The Fifth Circuit has also declined to enforce an appellate waiver where, "as a matter of law, the indictment itself affirmatively reflects that the offense sought to be charged was not committed." *United States v. White*, 258 F.3d 374, 380 (5th Cir. 2001). The Court stated, "[t]he government cites no authority, and we are aware of none, that holds that a defendant can waive his substantive right 'to be free of prosecution under an indictment that fails to charge an offense.'" *Id*. (citing *United States v. Meacham,* 626 F.2d 503, 509–10 (5th Cir.1980)).

Here, the indictment charged Thompson with using, carrying, or brandishing a firearm during a crime of violence, "namely, conspiracy to interfere with commerce by robbery" (the Hobbs Act conspiracy), but the Hobbs Act conspiracy did not qualify as a crime of violence. (ECF No. 56 at 7 Crim. Case). The indictment therefore failed to charge an offense under § 924(c). Other jurisdictions have also found that a post-conviction waiver does not foreclose a defendant's challenge to his § 924(c) conviction under *Davis*. *See Bonilla v. United States*, 2020 WL 489573 at * 3 (E.D.N.Y January 29, 2020) (granting a 2255 motion and vacating § 924(c) conviction based on *Davis* despite post-conviction waiver); *United States v. Brown* , __ F. Supp.3d __  2019 WL

6521942 * 4 (N.D. Cal. November 8, 2019) (granting 2255 motion challenging §924(c) conviction based on *Davis* concluding that petitioner's collateral-review waiver cannot be enforced).

The government cites the Fifth Circuit's decision in *United States v. Burns*, 433 F.3d 442 (5th Cir. 2005), to argue that the appeal waiver is enforceable. In *Burns*, the Court stated, "an otherwise valid waiver of appeal is not rendered invalid, or inapplicable to an appeal seeking to raise a newly recognized error merely because the waiver was made before the error was recognized." *Id* at 190-191. The *Burns* opinion, however, addressed whether the appeal waiver applied to the defendant's sentence and not whether the conviction itself was unlawful. Similarly, in *United States v. Barnes*, __ F.3d __, 2020 WL 1332927 at *4 (5th Cir. Mar. 23, 2020), and *United States v. Burns*, 770 F. App'x 187, 181 (5th Cir. 2019) (per curiam), the Fifth Circuit enforced post-conviction waivers where the petitioners challenged their sentences but did not challenge the legality of their convictions. Further, these cases do not address whether a miscarriage of justice exception applies to an unlawful conviction.

The Court finds that Thompson was convicted under an indictment that did not charge a valid offense, and that he is actually innocent of the charged offense. Under these circumstances the miscarriage of justice exception applies, and Thompson's collateral-review waiver is not enforceable. Because the Court finds the waiver is unenforceable under the miscarriage of justice exception, the Court does not address

5

Thompson's alternative claim that the waiver is unenforceable because his sentence exceeds the statutory maximum punishment.

2.  <u>Thompson is entitled to relief on his § 924(c) conviction.</u>

Because the Court finds the post-conviction waiver is not enforceable, the Court now considers the merits of Thompson's § 2255 motion. As the government has conceded, Thompson's conviction for conspiracy to commit Hobbs Act robbery does not satisfy the requirements of § 924(c)(3)(A)'s force clause, *United States v. Lewis*, 907 F.3d 891, 894-95 (5th Cir. 2018), and under *Davis* the residual clause of the "crime of violence" definition contained in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally void for vagueness. Thompson is therefore entitled to relief.

### III.

The Court GRANTS Thompson's motion to vacate, set-aside, or correct sentence and VACATES his conviction for using, carrying, or brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) under Count Two. The Court will enter an order in the criminal case setting a schedule for resentencing, and

that order will provide deadlines for any additional submissions from Probation or the parties.

SO ORDERED.

Signed April 17th, 2020.

_____
ED KINKEADE
UNITED STATES DISTRICE JUDGE